IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2007 JUN 15 PM 4: 10
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| EUGENE LIGER, ET. AL., <br> Plaintiffs in a Collection Action | § § § § § | |
| v. | § § | |
| NEW ORLEANS HORNETS NBA <br> LIMITED PARTNERSHIP <br><br> Defendant. | § § § § § | SUBPOENA IN A CIVIL CASE <br> PENDING IN THE EASTERN DISTRICT <br> OF LOUISIANA, <br> CIVIL ACTION NO. 05-1969 C-5 |

SA07MC0515 FB

### NON-PARTY SAN ANTONIO SPURS' OBJECTIONS, MOTION FOR PROTECTIVE ORDER PURSUANT TO FED. R. CIV. P. 26, AND MOTION TO QUASH SUBPOENA PURSUANT TO FED. R. CIV. P. 45

Non-party San Antonio Spurs, L.L.C., ("Spurs" or "Non-party") hereby objects to the production of documents pursuant to Plaintiff's *subpoena duces tecum* and files this Motion for Protective Order Pursuant to FED. R. CIV. P. 26 and Motion to Quash Subpoena Pursuant to FED. R. CIV. P. 45 and shows as follows:

#### Background

On or about May 30, 2007, Non-party Spurs received by **certified mail** a copy of a *subpoena duces tecum* in relation to a civil matter currently pending in the Eastern District of Louisiana under Case Number 05-1969 C-5. (A true and correct copy of the *subpoena duces tecum* is attached hereunder at Tab A and incorporated by reference as if set out verbatim herein.)

Plaintiff's *subpoena duces tecum* requests that the Spurs produce and permit inspection and copying of documents at Daigle, Fisse & Kessenich, PLC, 227 Highway Twenty-One, Madisonville, LA 70447 by or before June 15, 2007, at 10:00 A.M. The documents requested by Plaintiff's *subpoena duces tecum* are not relevant on their face. Accordingly, Non-party Spurs files the attached objections, files its motion to quash the *subpoena duces tecum*, and for a protective order as to the document requests under the *subpoenas duces tecum* on the grounds that: (1) FED. R. CIV. P. 45(b) requires that Plaintiff's *subpoena duces tecum* be personally served; (2) FED. R. CIV. P. 45(c)(3)(ii) provides that a *subpoena duces tecum* may be quashed if it requires a person who is not a party to appear more than 100 miles from a place where it regularly transacts business; (3) the *subpoena duces tecum* seeks documents that are irrelevant and unfairly prejudicial; and (4) the *subpoena duces tecum* seeks documents that are unduly burdensome and harassing.

### Facts

The San Antonio Spurs are a National Basketball Association ("NBA") franchise that is duly licensed to do business in Texas and that has a principal place of business in San Antonio, Texas. The Spurs do not employ anyone in the state of Louisiana nor do the Spurs in any manner share employees with the named Defendant New Orleans Hornets NBA Limited Partnership (the "Defendant").

In the underlying cause of action, the Plaintiff alleges that the Defendant failed to properly pay overtime to a group of Defendant's employees. No mention of Non-party Spurs or any of their employment practices is either made or alleged in Plaintiff's Complaint.

### Argument and Authority

Upon motion by a party, the Court may make any order which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including an

order that the discovery or disclosure not be had. FED. R. CIV. P. 26(c). A subpoena under Rule 45 must be quashed if it requires disclosure of privileged or other protected matter. FED. R. CIV. P. 45(c)(3)(A). A motion to quash a subpoena is properly decided by the issuing court rather than the court presiding over the underlying action. *Houston Bus. Journal, Inc. v. Office of Comptroller*, 86 F.3d 1208, 1212 (D.C. Cir. 1996), *citing* FED. R. CIV. P. 45(a)(2) and FED. R. CIV. P. 45(c)(3)(A).

### General Objections

The *subpoena duces tecum* violates FED. R. CIV. P. 45(b)(1) in that it was improperly served on Non-party Spurs by certified mail and not by personal delivery. *In re Dennis*, 330 F.3d 696, 740 (5th Cir. 2003) (FED. R. CIV. P.45(b)(1) indicates that proper service requires personal delivery of the subpoena.)

The *subpoena duces tecum* violates FED. R. CIV. P. 45(c)(3)(ii) and may be quashed because it requires the Non-party Spurs to appear more than 100 miles from the place at which the Non-party Spurs regularly transact business by potentially requiring an appearance by Non-Party Spurs in Madisonville, Louisiana.

Non-party Spurs objects to Plaintiff's *subpoena duces tecum* in that is will impose an undue burden and expense on the Spurs. The *subpoena duces tecum* would require the Non-party Spurs to review and compile large volumes of documents relating to the Spurs' payroll records over a seven year period. The requesting party should be required to compensate and reimburse the Spurs for the expense of locating, assembling, reviewing, copying, and producing the documents and electronically stored information sought by the *subpoena duces tecum*.

Non-party Spurs further objects to the production of documents and/or other information requested by the *subpoena duces tecum* to the extent it attempts to require production or


order that the discovery or disclosure not be had. FED. R. CIV. P. 26(c). A subpoena under Rule 45 must be quashed if it requires disclosure of privileged or other protected matter. FED. R. CIV. P. 45(c)(3)(A). A motion to quash a subpoena is properly decided by the issuing court rather than the court presiding over the underlying action. *Houston Bus. Journal, Inc. v. Office of Comptroller*, 86 F.3d 1208, 1212 (D.C. Cir. 1996), *citing* FED. R. CIV. P. 45(a)(2) and FED. R. CIV. P. 45(c)(3)(A).

### General Objections

The *subpoena duces tecum* violates FED. R. CIV. P. 45(b)(1) in that it was improperly served on Non-party Spurs by certified mail and not by personal delivery. *In re Dennis*, 330 F.3d 696, 740 (5th Cir. 2003) (FED. R. CIV. P.45(b)(1) indicates that proper service requires personal delivery of the subpoena.)

The *subpoena duces tecum* violates FED. R. CIV. P. 45(c)(3)(ii) and may be quashed because it requires the Non-party Spurs to appear more than 100 miles from the place at which the Non-party Spurs regularly transact business by potentially requiring an appearance by Non-Party Spurs in Madisonville, Louisiana.

Non-party Spurs objects to Plaintiff's *subpoena duces tecum* in that is will impose an undue burden and expense on the Spurs. The *subpoena duces tecum* would require the Non-party Spurs to review and compile large volumes of documents relating to the Spurs' payroll records over a seven year period. The requesting party should be required to compensate and reimburse the Spurs for the expense of locating, assembling, reviewing, copying, and producing the documents and electronically stored information sought by the *subpoena duces tecum*.

Non-party Spurs further objects to the production of documents and/or other information requested by the *subpoena duces tecum* to the extent it attempts to require production or

disclosure of information or documents protected by the work product doctrine, attorney-client privilege, or any other applicable privilege.

### Specific Objections

Each of the following specific objections and responses is made without waiving any objections that: (1) are included herein; (2) may be made, in any form, with respect to the use of the documents/items requested and/or produced, in any form, in response to the *subpoena duces tecum*; (3) may be asserted as to any privilege or any other matter allowed under the Federal Rules of Civil Procedure, the laws of the State of Texas, or common law; and (4) may be made, in any form, with respect to the use of the documents/items requested and/or produced, in any form, in response to any subsequent suits or proceedings.

Each of the following specific objections and responses is made without prejudice to the right of Non-party Spurs to produce any relevant information, in whatever form, that later may be recalled or discovered, and Non-party Spurs reserves the right to edit, clarify, supplement, or change responses contained herein as additional facts, analysis, or legal research is completed.

Non-party Spurs also incorporates each of the Spurs' general objections into the specific objections set out below as if each general objection was included and incorporated in each specific objection as if set out verbatim therein.

### Plaintiff Seeks Irrelevant and Prejudicial Information

Non-Party Spurs specifically objects to Plaintiff's Request No. 1, No. 2., No. 3, and No. 4, to the extent that each request seeks information that is irrelevant and prejudicial information. Non-party Spurs objects Plaintiff is entitled to discover "any matter, not privileged, that is relevant to the claim or defense of any party," and "reasonably calculated to lead to the discovery

of admissible evidence." FED. R. CIV. P. 26(b)(1). Although relevance is broadly defined in the discovery context, discovery has "ultimate and necessary boundaries," the scope of which is within the sound discretion of the trial court. *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Allen v. Howmedica Leibinger, Gmbh*, 190 F.R.D. 518, 522 (W.D. Tenn. 1999) (stating that the right to discovery is not unlimited, and does have "ultimate and necessary boundaries"), *citing Hickman v. Taylor*, 329 U.S. 495, 497 (1947).

Once a party moves to quash a discovery subpoena, the party requesting the discovery must first show that its requests are relevant to its claims within the meaning of FED. R. CIV. P. 26(b)(1), and ultimately show a substantial need for the discovery that cannot be otherwise met without undue hardship. *Mycogen Plant Science, Inc. v. Monsanto Co.*, 164 F.R.D. 623, 626 (E.D. Pa 1996) (citations omitted); *see also Allen*, 190 F.R.D. at 522. A deposition which seeks irrelevant testimony is properly quashed. *See, e.g., Ahearn v. Rescare W. Va.*, 208 F.R.D. 565, 568-69 (S.D. W. Va. 2002) (quashing document requests in subpoena that were irrelevant to underlying case); *Boire v. Pilot Freight Carriers, Inc.*, No. 74-262-Civ-T-H, 1974 U.S. Dist. LEXIS 8359, *1-2 (M.D. Fla. 1974) (quashing deposition because it sought irrelevant information). Ultimately, the party seeking discovery must "articulate the possible linkage between the discovery sought and admissible evidence." *Allen* 190 F.R.D. at 522, *quoting* 7 Moore's Federal Practice § 37.22[2][B].

Any documents regarding how the Non-party Spurs compensate their employees are not only irrelevant to Plaintiff's claims against the Defendant they are also unfairly prejudicial and inadmissible at trial. *See Finch v. Hercules Inc.*, No. 92-251, 1995 U.S. Dist. LEXIS 19805, at *31 (D. Del. Dec. 22, 1995) (unpublished) (attached hereunder at Tab B). In *Finch*, the court

found that the underlying information sought was not probative of plaintiff's claims. *Id.* at *31-32. The court, therefore, held that information sought was inadmissible because it would only prejudice the jury by portraying facts unnecessary to prove plaintiff's claims *Id.*

In the case at hand, Plaintiff seeks to discover documents regarding how the Non-party Spurs compensate their employees. Non-party Spurs' payment practices have no bearing on any of Plaintiff's causes of action. Specifically, Non-party Spurs' records would be irrelevant as to payment practices alleged against a separate business enterprise (i.e., Defendant) with no employment relationship to the Spurs.

Therefore, the subpoena at issue is not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Further, the value, if any, of such documents are substantially outweighed by the danger of unfair prejudice, while subjecting Non-party Spurs to Plaintiff's harassing attempts to confuse the issues by seeking irrelevant information regarding a distinct entity doing business in Texas. Accordingly, Plaintiff should not be permitted to elicit such documents, and Plaintiff's subpoena must be quashed.

### The Subpoena Is Unduly Burdensome and Harassing

Non-Party Spurs specifically objects to Plaintiff's Request No. 1, No. 2., No. 3, and No. 4, to the extent that each request seeks information that is unduly burdensome and harassing. A *subpoena duces tecum* may be quashed on the grounds that compliance is unduly burdensome or oppressive or requires disclosure of privileged or other protected matter. FED. R. CIV. P. 26(c)(1), 45(c). Determining whether a subpoena imposes upon a witness an undue burden depends upon "such factors as relevance, the need of the party for documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y 1996), *quoting United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y.

1979). Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The determination of issues of burden and reasonableness is committed to the discretion of the trial court. *Concord Boat*, 169 F.R.D. at 29, *citing* 9A Wright & Miller, Federal Practice and Procedure, § 2463. In *Concord Boat*, the plaintiff's subpoena was quashed because it called for the "production of documents with no direct relationship" to the underlying case. *Concord Boat*, 169 F.R.D. at 49. The court went on to state that subpoenas that fail to limit their scope of inquiry to the underlying cause of action and include within their scope irrelevant documents, **are overbroad and burdensome on their face** in contravention to Fed.R.Civ. P. 45(c)(3)(A). *Id. (emphasis added); see also Catskill Dev. v. Park Place Entm't, 206 F.R.D. 78, 93 (S.D.N.Y. 2002)* (holding that the party requesting discovery from a Non-party showed no legitimate need for the information, showed no good faith basis for extending discovery to Non-party, and that the request for documents was "nothing more than a fishing expedition.").

It is well settled that relevance is an enumerated reason for quashing a subpoena because the scope of discovery under a subpoena is the same as the scope of discovery under FED. R. CIV. P. 26(b). *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003), *citing* 9A Charles A Wright and Arther R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995).

Plaintiff's subpoena calls for the production of all documentation having to do with Non-party Spurs' payment practices and overtime policies for non-exempt employees and those who are not basketball players. The subpoena also requests all documentation reviewed or generated at any time in reference to DOL Opinion Letter No. WH-742, dated October 11, 1978. These requests are not limited to scope or relevance to the underlying lawsuit and the last request is not

limited as to time. The documents have no bearing on Plaintiff's federal claims pending in Louisiana. Moreover, Plaintiff's request for documents would sweep in virtually all of the Non-party Spurs' employment records without any nexus as to why the Spurs' information is necessary or relevant to the underlying case. Even under the most strained of inferences, Non-party Spurs' documents have no relation to the imaginative causes of action alleged by the Plaintiff.

Non-party Spurs have formally objected to production under the *subpoena duces tecum*. Therefore, Plaintiff's attempt to seek production is foreclosed pending further order from this Court. *See Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1322-23 (Fed. Cir. 1990).

Non-party Spurs hereby reserves the right to make further objections and legal arguments concerning the propriety of Plaintiff's *subpoena duces tecum* at any motion or hearing considering the Spurs' objections.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Non-party Spurs asks the Court to quash Plaintiff's subpoena, to protect it from the requested discovery, and to grant it such other and further relief, both general and special, to which the Spurs are justly entitled at law and/or equity.

DATED: June 15, 2007

Respectfully submitted,

_____
J. Tullos Wells
Attorney-in-Charge
Federal ID. No. 8337
State Bar No. 21146500
Eric Barbosa
State Bar No. 24036184
Bracewell & Giuliani LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205
(210) 226-1166 (telephone)
(210) 226-1133 (fax)

ATTORNEYS FOR NON-PARTY SAN ANTONIO SPURS, L.L.C.

### Certificate of Conference

Non-party Spurs' counsel attempted to resolve this discovery dispute with Plaintiff's counsel. However, no agreement could be reached.

_____
J. Tullos Wells

## Certificate of Service

I hereby certify that on the 15th day of June, 2007, a copy of the foregoing *Non-party San Antonio Spurs' Objections, Motion for Protective Order Pursuant to Fed. R. Civ. P. 26, and Motion to Quash Subpoenas Pursuant to Fed. R. Civ. P. 45*, was served on counsel of record, as follows:

Ms. Elvige Cassard
Daigle, Fisse & Kessenich
227 Highway Twenty-One
Madisonville, LA 70447
ATTORNEY FOR PLAINTIFFS
EUGENE LIGER, ET. AL.,
Facsimile and
Certified Mail, Return Receipt Requested

_____
J. Tullos Wells