IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EUGENE LIGER, ET AL.,<br>    Plaintiffs in a Collection Action | § § § § | |
| v. | § § § | NO. SA-07-MC-0515-FB-PMA |
| NEW ORLEANS HORNETS NBA<br>LIMITED PARTNERSHIP<br>                    Defendant. | § § § § § § | SUBPOENA IN A CIVIL CASE<br>PENDING IN THE EASTERN DISTRICT<br>OF LOUISIANA,<br>CIVIL ACTION NO. 05-1969 C-5 |

**NON-PARTY SAN ANTONIO SPURS' OBJECTIONS TO SUBPOENA DUCES TECUM**

Non-party San Antonio Spurs, L.L.C. ("Non-party Spurs") hereby objects to the production of documents pursuant to Plaintiffs' *subpoena duces tecum,* improperly served on Non-party Spurs, in *Liger et al. v. New Orleans Hornets NBA Limited Partnership*, Civil Action No. 05-1969 C-5, In the United States District Court for the Eastern District of Louisiana ("*Liger* case"), and respectfully shows the Court as follows:

### Background

On or about May 30, 2007, Non-party Spurs received by **certified mail** a copy of a *subpoena duces tecum* in relation to the *Liger* case currently pending in the Eastern District of Louisiana. (A true and correct copy of the *subpoena duces tecum* is attached hereunder at Tab A and incorporated by reference as if set out verbatim herein.)

The San Antonio Spurs are a National Basketball Association ("NBA") franchise that is duly licensed to do business in Texas and that has a principal place of business in San Antonio,

Texas. The Spurs do not employ anyone in the state of Louisiana nor do the Spurs in any manner share employees with the named Defendant New Orleans Hornets NBA Limited Partnership (the "Defendant"), nor does the Non-party Spurs have any right to control the employment decisions of Defendant. In the underlying cause of action, the Plaintiffs allege that the Defendant failed to properly pay overtime to a group of Defendant's employees. No mention of Non-party Spurs or any of its employment practices is alleged in Plaintiffs' Complaint.

Plaintiffs' *subpoena duces tecum* requests that the Non-party Spurs produce and permit inspection and copying of documents at Daigle, Fisse & Kessenich, PLC, 227 Highway Twenty-One, Madisonville, LA 70447 by or before June 15, 2007, at 10:00 A.M. The documents requested by Plaintiffs' *subpoena duces tecum* are not relevant on their face, are highly prejudicial, and are unduly burdensome and harassing. Accordingly, Non-party Spurs files the following objections to Plaintiffs' *subpoena duces tecum*.

## General Objections

Non-party Spurs asserts the following general objections to each Request in Plaintiffs' *subpoena duces tecum*.

The *subpoena duces tecum* violates FED. R. CIV. P. 45(b)(1) in that it was improperly served on Non-party Spurs by certified mail and not by personal delivery. *In re Dennis*, 330 F.3d 696, 740 (5th Cir. 2003) (FED. R. CIV. P.45(b)(1) indicates that proper service requires personal delivery of the subpoena.)

The *subpoena duces tecum* violates FED. R. CIV. P. 45(c)(3)(ii) because it requires the Non-party Spurs to appear more than 100 miles from the place at which the Non-party Spurs regularly transact business by potentially requiring an appearance in Madisonville, Louisiana. Also, the *subpoena duces tecum* requires the Non-party Spurs to produce documents out of state and more than 100 miles from the court issuing the subpoena.

Non-party Spurs objects to Plaintiffs' *subpoena duces tecum* in that is will impose an undue burden and expense on the Spurs. The *subpoena duces tecum* would require the Non-party Spurs to review and compile voluminous documents relating to the Spurs' payroll records over a seven year period. The requesting party should be required to compensate and reimburse the Spurs for the expense of locating, assembling, reviewing, copying, and producing the documents and electronically stored information sought by the *subpoena duces tecum*.

Non-party Spurs further objects to the production of documents and/or other information requested by the *subpoena duces tecum* to the extent it attempts to require production or disclosure of information or documents protected by the work product doctrine, attorney-client privilege, or any other applicable privilege.

## Specific Objections

Each of the following specific objections and responses is made without waiving any objections that: (1) are included herein; (2) may be made, in any form, with respect to the use of the documents/items requested and/or produced, in any form, in response to the *subpoena duces tecum*; (3) may be asserted as to any privilege or any other matter allowed under the Federal Rules of Civil Procedure, the laws of the State of Texas, or common law; and (4) may be made, in any form, with respect to the use of the documents/items requested and/or produced, in any form, in response to any subsequent suits or proceedings.

Each of the following specific objections and responses is made without prejudice to the right of Non-party Spurs to produce any relevant information, in whatever form, that later may be recalled or discovered, and Non-party Spurs reserves the right to edit, clarify, supplement, or change responses contained herein as additional facts, analysis, or legal research is completed.

Non-party Spurs also incorporates each of the Spurs' general objections into the specific objections set out below as if each general objection was included and incorporated in each specific objection as if set out verbatim therein.

a.  **Plaintiffs Seek Irrelevant and Prejudicial Information**

Non-Party Spurs specifically objects to Plaintiffs' Requests No. 1, No. 2, No. 3, and No. 4, to the extent that each request seeks information that is irrelevant and prejudicial. Under the Federal Rules of Civil Procedure, Plaintiffs may discover "any matter, not privileged, that is relevant to the claim or defense of any party," and that is "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Although relevance is broadly defined in the discovery context, discovery has "ultimate and necessary boundaries," the scope of which is within the sound discretion of the trial court. *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also Allen v. Howmedica Leibinger, Gmbh,* 190 F.R.D. 518, 522 (W.D. Tenn. 1999) (stating that the right to discovery is not unlimited, and does have "ultimate and necessary boundaries"), *citing Hickman v. Taylor*, 329 U.S. 495, 497 (1947). As the Eighth Circuit Court of Appeals noted:

> While the standard of relevance in the context of discovery is broader than in the context of admissibility..., this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case.

*Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

Any documents regarding how the Non-party Spurs compensate their employees are not only irrelevant to Plaintiffs' claims against the Defendant, they are also unfairly prejudicial and inadmissible at trial. *See Finch v. Hercules Inc.*, No. 92-251, 1995 U.S. Dist. LEXIS 19805, at

*31 (D. Del. Dec. 22, 1995) (unpublished) (attached hereunder at Tab B). In *Finch*, the court found that the underlying information sought was not probative of plaintiff's claims. *Id.* at *31-32. The court, therefore, held that information sought was inadmissible because it would only prejudice the jury by portraying facts unnecessary to prove plaintiff's claims *Id.*

In the case at hand, Plaintiffs seek to discover documents regarding how the Non-party Spurs compensates its employees. Non-party Spurs' payment practices have no bearing on any of Plaintiffs' causes of action. Specifically, Non-party Spurs' records would be irrelevant as to payment practices alleged against a separate business enterprise (i.e., Defendant) with no legal or employment relationship to the Non-party Spurs. Non-party Spurs is a separate entity from Defendant and it is not a joint employer of Defendant's employees, nor does it have any right of control over Defendant's employees or its employment decisions, nor does Defendant have any right of control over the Non-party Spurs' employees or employment decisions.

Therefore, the subpoena at issue is not reasonably calculated to lead to the discovery of admissible evidence. FED. R. CIV. P. 26(b)(1). Further, the value, if any, of such documents are substantially outweighed by the danger of unfair prejudice, while subjecting Non-party Spurs to Plaintiffs' harassing attempts to confuse the issues by seeking irrelevant information regarding a separate and distinct entity doing business in Texas. Accordingly, Plaintiffs are not entitled to the production of irrelevant and unfairly prejudicial documents.

**b.    The Subpoena Is Unduly Burdensome and Harassing**

Non-Party Spurs specifically objects to Plaintiffs' Requests No. 1, No. 2, No. 3, and No. 4, to the extent that each request seeks information that is unduly burdensome and harassing. A *subpoena duces tecum* may be quashed on the grounds that compliance is unduly burdensome or oppressive or requires disclosure of privileged or other protected matter. FED. R. CIV. P. 26(c)(1), 45(c). Determining whether a subpoena imposes upon a witness an undue burden

depends upon "such factors as relevance, the need of the party for documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described, and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y 1996), *quoting United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979). Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party. *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004). The determination of issues of burden and reasonableness is committed to the sound discretion of the trial court. *Concord Boat*, 169 F.R.D. at 29, *citing* 9A Wright & Miller, Federal Practice and Procedure, § 2463. In *Concord Boat*, the plaintiff's subpoena was quashed because it called for the "production of documents with no direct relationship" to the underlying case. *Concord Boat*, 169 F.R.D. at 49. The court went on to state that subpoenas that fail to limit their scope of inquiry to the underlying cause of action and include within their scope irrelevant documents, **"are overbroad and unreasonable"** in contravention to Fed.R.Civ. P. 45(c)(3)(A). *Id.* at 50 (emphasis added); *see also Catskill Dev. v. Park Place Entm't*, 206 F.R.D. 78, 93 (S.D.N.Y. 2002) (holding that party requesting discovery from a non-party showed no legitimate need for the information, showed no good faith basis for extending discovery to non-party, and that the request for documents was "nothing more than a fishing expedition.").

The scope of discovery under a subpoena is the same as the scope of discovery under FED. R. CIV. P. 26(b). *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003), *citing* 9A Charles A Wright and Arther R. Miller, Federal Practice and Procedure § 2459 (2d ed. 1995).

Plaintiffs' subpoena calls for the production of all documentation having to do with Non-party Spurs' payment practices and overtime policies for all employees who are neither basketball players nor exempt under the executive, administrative or professional exemptions of the Fair Labor Standards Act. The subpoena also requests all documentation reviewed or generated at any time in reference to DOL Opinion Letter No. WH-742, dated October 11, 1978. These requests are not limited in scope or relevance to the underlying lawsuit – which deals solely with certain alleged pay practices of Defendant – and the latter request is not limited as to time and covers a period of almost thirty years. The documents have no bearing on Plaintiffs' federal claims pending in Louisiana. Moreover, Plaintiffs' request for documents would sweep in virtually all of the Non-party Spurs' employment records without any nexus as to why the Non-party Spurs' information is necessary or relevant to the underlying case. Even under the most strained of inferences, Non-party Spurs' documents have no relation to the causes of action alleged by the Plaintiffs.

Non-party Spurs hereby reserves the right to make further objections and legal arguments concerning the propriety of Plaintiffs' *subpoena duces tecum* at any motion or hearing considering the Spurs' objections.

DATED: June 25, 2007                    Respectfully submitted,

                                                 J. Tullos Wells
Attorney-in-Charge
Federal ID. No. 8337
State Bar No. 21146500
Eric Barbosa
State Bar No. 24036184
Bracewell & Giuliani LLP
106 South St. Mary's Street, Suite 800
San Antonio, Texas 78205
(210) 226-1166 (telephone)
(210) 226-1133 (fax)

ATTORNEYS FOR NON-PARTY SAN ANTONIO SPURS, L.L.C.

### Certificate of Service

I hereby certify that on the 25th day of June, 2007, a copy of the foregoing *Non-party San Antonio Spurs' Objections to Subpoena Duces Tecum*, was served on counsel of record, as follows:

Ms. Elvige Cassard
Daigle, Fisse & Kessenich
227 Highway Twenty-One
Madisonville, LA 70447
ATTORNEY FOR PLAINTIFFS
EUGENE LIGER, ET. AL.,
<u>Facsimile and</u>
<u>Certified Mail, Return Receipt Requested</u>

                                                 J. Tullos Wells